EXHIBIT
A

null / ALL
Transmittal Number: 34200128
Date Processed: 06/03/2026

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>1 Nationwide Plz<br>Columbus, OH 43215-2226 |
| **Electronic copy provided to:** | Dawn DeRan |

| | |
|---|---|
| **Entity:** | Nationwide Property And Casualty Insurance Company<br>Entity ID Number 3286574 |
| **Entity Served:** | Nationwide Property And Casualty Insurance Company |
| **Title of Action:** | Alyssa Dawn Musgrave vs. Nationwide Property And Casualty Insurance Company |
| **Matter Name/ID:** | Alyssa Dawn Musgrave vs. Nationwide Property And Casualty Insurance Company (19364855) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Kanawha County Circuit Court, WV |
| **Case/Reference No:** | CC-20-2026-C-648 |
| **Jurisdiction Served:** | West Virginia |
| **Date Served on CSC:** | 06/03/2026 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | Secretary Of State in West Virginia on 05/29/2026 |
| **How Served:** | Certified Mail |
| Sender Information: | Bordas & Bordas, PLLC<br>n/a |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™

9214 8901 1251 3410 0004 8301 49

**Kris Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY
Corporation Service Company
808 GREENBRIER STREET
Charleston, WV 25311

**Control Number:** 359633

**Defendant:** NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY
808 GREENBRIER STREET
Charleston, WV 25311 US

**Agent:** Corporation Service Company

**County:** Kanawha

**Civil Action:** CC-20-2026-C-648

**Certified Number:** 92148901125134100004830149

**Service Date:** 5/29/2026

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your authorized insurance company as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* ***not to the Secretary of State's office.***

Sincerely,

Kris Warner
Secretary of State

# SUMMONS

E-FILED | 5/26/2026 2:07 PM
CC-20-2026-C-648
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**Alyssa Musgrave v. Nationwide Property and Casualty Insurance Company**

Service Type: Secretary of State - Certified - Including Copy Fee

NOTICE TO: Nationwide Property and Casualty Insurance Company, Corporation Service Company, 808 Greenbrier Street, Charleston, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

James Bordas, 1358 National Rd, , Wheeling, WV 26003

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

5/26/2026 2:07:29 PM — Date

/s/ Cathy S. Gatson — Clerk

ACCEPTED FOR SERVICE OF PROCESS
2026 MAY 29 A 10: 01
SECRETARY OF STATE
STATE OF WEST VIRGINIA

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ____________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ____________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

____________ Date

____________ Server's Signature

E-FILED | 5/26/2026 2:07 PM
CC-20-2026-C-648
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

ALYSSA DAWN MUSGRAVE,

Plaintiff,

vs. CIVIL ACTION NO. _______________
Hon. ____________________________

NATIONWIDE PROPERTY AND
CASUALTY INSURANCE COMPANY,

Defendant.

## COMPLAINT

NOW COMES the Plaintiff, Alyssa Dawn Musgrave, who for her Complaint against the Defendant, Nationwide Property and Casualty Insurance Company, states as follows:

1. The Plaintiff, Alyssa Dawn Musgrave (herein after "Musgrave" or "Plaintiff") was at all times material and relevant herein, a resident of South Charleston, Kanawha County, West Virginia.

2. The Defendant, Nationwide Property and Casualty Insurance Company (herein after "Nationwide" or "Defendant"), is and has been at all times material and relevant herein a corporation organized and existing under the laws of the State of Ohio and licensed to issue and does issue automobile insurance policies and/or automobile insurance contracts in the State of West Virginia, with its principal place of business and service of process address Corporation Service Company, 808 Greenbrier Street, Charleston, WV 25311.

3. On or about the 30th day of May, 2024, in Kanawha County, West Virginia, the Plaintiff, Alyssa Dawn Musgrave, was lawfully and safely operating her motor vehicle on Montrose Drive and had come to a complete stop when a bus in front of her had stopped to prepare to turn right at an intersection, when Deborah Coble (herein after "Coble" or "Underinsured Driver") drove her vehicle into and collided with the back of Musgrave's vehicle and knocked it into the bus that was in front of Musgrave.

4. Deborah Coble's actions toward the Plaintiff, Alyssa Musgrave, were negligent in one or more of the following particulars:

a. Failing to maintain a proper lookout;

b. Failing to maintain control of her vehicle;

c. Failing to maintain an assured clear distance ahead;

d. Driving erratically and recklessly;

e. Following too closely; and

f. Failing to exercise due care generally in the operation of her vehicle.

5. As a direct and proximate result of Coble's negligence, the Plaintiff, Alyssa Musgrave, was seriously injured.

6. As a direct and proximate result of Coble's negligence, Plaintiff, Alyssa Musgrave, suffered injuries to her head, neck, back, shoulder and various other parts of her body, some of which are reasonably certain to be permanent in nature.

7. As a direct and proximate result of Coble's negligence, the Plaintiff, Alyssa Musgrave, has suffered physical pain, mental and emotional anguish, annoyance,

inconvenience, and a diminishment in her ability to fully function, enjoy life and earn a living.

8. As a direct and proximate result of Coble's negligence, the Plaintiff, Alyssa Musgrave, has incurred medical bills for treatment relating to her injuries sustained in the May 30, 2024 collision.

9. As a direct and proximate result of Coble's negligence, the Plaintiff, Alyssa Musgrave, is reasonably certain to incur future physical pain, mental and emotional anguish, annoyance, inconvenience, and a diminishment in her ability to fully function, enjoy life, and earn a living as a result of the injuries she sustained in the wreck of May 30, 2024.

10. As a direct and proximate result of Coble's negligence, the Plaintiff, Alyssa Musgrave, is reasonably certain to incur future medical bills as a result of the injuries she sustained in the May 30, 2024 collision.

11. As a direct and proximate result of Coble's negligence, the Plaintiff, Alyssa Musgrave, has incurred lost wages.

12. As a direct and proximate result of Coble's negligence, the Plaintiff, Alyssa Musgrave, is reasonably certain to incur future lost wages and a loss of earning capacity.

13. Nationwide issued an automobile insurance policy to Thomas L. Musgrave and Karen L. Musgrave for a policy period of December 21, 2023 to December 21, 2024 that included May 30, 2024, which policy covered the Plaintiff as a named Rated Driver on May 30, 2024, which policy was identified by Policy No. 9247V 098187. The policy is not attached herein as it is already in the possession of the Defendant.

14. The policy of insurance issued by Nationwide was in full force and effect on May 30, 2024, and provided underinsured motorists coverage benefits in the amount of $100,000 each person.

15. The Plaintiff has fully complied with all requirements and policy provisions outlined in the automobile insurance policy and was and is entitled to the underinsured motorist coverage benefits of the automobile insurance policy issued by Nationwide.

16. Deborah L. Coble, on the date of the collision, May 30, 2024, was an underinsured motorist operating an underinsured motor vehicle as those terms are defined in Nationwide's automobile insurance policy that covered Musgrave on that date.

17. The Plaintiff was legally entitled to recover damages from Deborah L. Coble in an amount in excess of $50,000.00.

18. The Plaintiff reached a full and final settlement with Deborah L. Coble and her liability insurance company, GEICO, whereby the liability policy limits of $50,000.00 was offered to the Plaintiff and Plaintiff agreed to accept those policy limits and to give Deborah L. Coble a full and complete release, which settlement was consented to by Defendant, Nationwide on or about October 8, 2025.

19. The settlement under Coble's liability policy referenced in Paragraph 18 above did not fully compensate the Plaintiff for the injuries and damages she suffered as a result of the motor vehicle collision of May 30, 2024.

20. The Plaintiff was legally entitled to recover underinsured motorist benefits under the Nationwide insurance policy which covered her on the date of the collision because the Plaintiff's damages proximately caused by the automobile collision of May

30, 2024 exceed the sums that she collected from the settlement with Coble under Coble's liability policy of insurance.

21. The Plaintiff had demanded that Nationwide pay to her the underinsured motorist policy limits on October 21, 2025.

22. Nationwide did not offer any underinsured motorist benefits to the Plaintiff until December 10, 2024 when it offered $10,000.00.

23. The Plaintiff rejected the $10,000.00 offer on December 18, 2024.

24. On February 12, 2026, the Plaintiff reinstated her $100,000 policy limits demand to Nationwide.

25. On March 19, 2026, the Plaintiff again demanded the policy limits of $100,000 to Nationwide and stated that the demand would remain open for 30 days.

26. Rather than meeting the policy limits demand of $100,000, Nationwide offered the Plaintiff $18,000.

27. Nationwide has breached and continues to beach the insurance contract that covered Musgrave on the date of the collision as it has failed to pay and continues to fail to pay insurance policy benefits that are due and owing to Musgrave under the policy of insurance.

28. The Defendant, Nationwide, has failed to undertake prompt and reasonable efforts to evaluate, negotiate and adjust the Plaintiff's claim for underinsured motorist bodily injury coverage benefits, or, in the alternative, did evaluate the claim and after the evaluation made a deliberate choice to make low and untimely offers to settle the claim.

29. The Defendant, Nationwide, failed to undertake an adequate investigation of the Plaintiff's claim; or in the alternative did undertake an adequate investigation which it then purposely ignored; failed to appropriately reply to communications by the Plaintiff; failed to undertake settlement negotiations in good faith; misrepresented pertinent facts relating to coverages at issue; and as a result; refused to pay the Plaintiff's claim without conducting a reasonable investigation based upon all available information; failed to provide a reasonable explanation of the basis in the insurance policy for the offer of a compromise settlement; and forced the Plaintiff to file this lawsuit to recover underinsured motorist benefits.

30. The actions of the Defendant, Nationwide, as hereinabove described constituted a breach of the implied covenant of good faith and fair dealing inherent in the policy of insurance referenced in Paragraph 13 above.

31. The acts and omissions of the Defendant, Nationwide, by and through its agents, representatives and employees in the handling of the Plaintiff's claim violated West Virginia Code §33-11-4(9) in the following particulars:

a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

b. Failing to acknowledge and act reasonably and promptly upon communications with respect to the claim arising under the Plaintiff's insurance policy;

c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

d. Refusing to pay the Plaintiff's claim without conducting a reasonable investigation based upon all available information;

e. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of the Plaintiff's claim when liability was reasonably clear;

f. Compelling the Plaintiff to file suit to recover amounts due to her under the insurance policy; and

g. Failing to promptly provide a reasonable explanation to the Plaintiff for the basis in the insurance policy in relation to the facts or applicable law for the unreasonable low amount of the offer made to settle the Plaintiff's claim.

32. The acts and omissions of the Defendant, Nationwide, by and through its agents, representatives and employees in the handling of the Plaintiff's claim violated various provisions of Title 114, Series 14 of the Legislative Rules of the Insurance Commissioner of the State of West Virginia.

33. All of the acts and omissions of the Defendant, Nationwide, by and through its agents, representatives and employees in the handling of the Plaintiff's claim were committed and/or performed with such frequency as to indicate a general business practice.

34. All of the acts and omissions of the Defendant, Nationwide, by and through its agents, representatives and employees in the handling of the Plaintiff's claim were intentional, willful, and outrageous in character and were done in bad faith and without regard to the rights of the Plaintiff.

35. The acts and omissions of the Defendant, Nationwide, by and through its agents, representatives and employees caused the Plaintiff to sustain emotional distress, mental anguish, inconvenience, annoyance, humiliation, embarrassment, aggravation, and other general damages.

36. The acts and omissions of the Defendant, Nationwide, by and through its agents, representatives and employees caused the Plaintiff to incur substantial costs, expenses and attorneys' fees.

37. The acts and omissions of the Defendant, Nationwide, by and through its agents, representatives and employees were so outrageous that the Plaintiff is entitled to recover punitive damages from the Defendant, Nationwide, in order to punish the Defendant and to deter it and other insurance companies from engaging in similar conduct in the future.

38. If the Plaintiff substantially prevails with regard to her underinsured motorist claim, she is entitled to recover from the Defendant any and all expenses, costs and reasonable attorneys' fees she incurred in pursuit of her claim.

39. As a further result of substantially prevailing with respect to the underinsured motorist claim, the Plaintiff will also be entitled to collect damages for the annoyance and aggravation she suffered as a result of the Defendant, Nationwide's refusal to settle within the policy limit.

40. As a result of the bad faith conduct of the Defendant, Nationwide, the Plaintiff is entitled to recover compensatory damages for all general damages sustained by her as a result of said conduct, and as well is entitled to punitive damages.

**WHEREFORE**, the Plaintiff, Alyssa Dawn Musgrave, respectfully prays that judgment be entered against the Defendant, Nationwide Property and Casualty Insurance Company, for compensatory and general damages, and for punitive damages, in an amount within the jurisdiction of this Court, to be determined by a jury,

as well as statutory pre and post judgment interest as permitted by law and attorneys' fees, costs and expenses incurred in pursuit of the relief requested in this Complaint.

**A TRIAL BY JURY IS DEMANDED ON ALL ISSUES**

ALYSSA DAWN MUSGRAVE, Plaintiff,

BY: /s/James G. Bordas III
JAMES G. BORDAS III (#8518)
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003
jbordasiii@bordaslaw.com
P: (304) 242-8410

and

S. BROOKS WEST II (#10493)
West Law Firm LC
1514 Kanawha Blvd. East, Suite 2
Charleston, WV 25311
brooks@wvpersonalinjurylawyer.com
P: (304) 343-9378

*Counsel for Plaintiff*

CERTIFIED MAIL

US POSTAGE PITNEY BOWES

ZIP 25311 $ 010.29⁰
02 4W
0000377395 JUN. 01. 2026

CSC

**null / ALL**
**Transmittal Number: 34200162**
**Date Processed: 06/03/2026**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>1 Nationwide Plz<br>Columbus, OH 43215-2226 |
| **Electronic copy provided to:** | Dawn DeRan |

| | |
|---|---|
| **Entity:** | Nationwide Property And Casualty Insurance Company<br>Entity ID Number 3286574 |
| **Entity Served:** | Nationwide Property And Casualty Insurance Company |
| **Title of Action:** | Alyssa Dawn Musgrave vs. Nationwide Property And Casualty Insurance Company |
| **Matter Name/ID:** | Alyssa Dawn Musgrave vs. Nationwide Property And Casualty Insurance Company (19364855) |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Kanawha County Circuit Court, WV |
| **Case/Reference No:** | CC-20-2026-C-648 |
| **Jurisdiction Served:** | West Virginia |
| **Date Served on CSC:** | 06/03/2026 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | Secretary Of State in West Virginia on 05/29/2026 |
| **How Served:** | Certified Mail |
| Sender Information: | Bordas & Bordas, PLLC<br>n/a |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™

9214 8901 1251 3410 0004 8301 56

**Kris Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY
Corporation Service Company
808 GREENBRIER STREET
Charleston, WV 25311

**Control Number:** 359634

**Defendant:** NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY
808 GREENBRIER STREET
Charleston, WV 25311 US

**Agent:** Corporation Service Company

**County:** Kanawha

**Civil Action:** CC-20-2026-C-648

**Certified Number:** 92148901125134100004830156

**Service Date:** 5/29/2026

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your authorized insurance company as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* ***not to the Secretary of State's office.***

Sincerely,

Kris Warner
Secretary of State

# SUMMONS

E-FILED | 5/26/2026 3:26 PM
CC-20-2026-C-648
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**Alyssa Dawn Musgrave v. Nationwide Property and Casualty Insurance Company**

Service Type: Secretary of State - Certified - Including Copy Fee

NOTICE TO: Nationwide Property and Casualty Insurance Company, Corporation Service Company, 808 Greenbrier Street, Charleston, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

James Bordas, 1358 National Rd, , Wheeling, WV 26003

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

5/26/2026 3:26:32 PM
Date

/s/ Cathy S. Gatson
Clerk

ACCEPTED FOR SERVICE OF PROCESS
2026 MAY 29 A 10: 01
SECRETARY OF STATE
STATE OF WEST VIRGINIA

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ____________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ____________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

____________ Date

____________ Server's Signature

E-FILED | 5/26/2026 3:26 PM
CC-20-2026-C-648
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

ALYSSA DAWN MUSGRAVE,

Plaintiff,

vs.

CIVIL ACTION NO. 26-c-648
Judge David J. Hardy

NATIONWIDE PROPERTY AND
CASUALTY INSURANCE COMPANY,

Defendant.

**AMENDED COMPLAINT**

NOW COMES the Plaintiff, Alyssa Dawn Musgrave, who for her Complaint against the Defendant, Nationwide Property and Casualty Insurance Company, states as follows:

1. The Plaintiff, Alyssa Dawn Musgrave (herein after "Musgrave" or "Plaintiff") was at all times material and relevant herein, a resident of South Charleston, Kanawha County, West Virginia.

2. The Defendant, Nationwide Property and Casualty Insurance Company (herein after "Nationwide" or "Defendant"), is and has been at all times material and relevant herein a corporation organized and existing under the laws of the State of Ohio and licensed to issue and does issue automobile insurance policies and/or automobile insurance contracts in the State of West Virginia, with its principal place of business and service of process address Corporation Service Company, 808 Greenbrier Street, Charleston, WV 25311.

3. On or about the 30th day of May, 2024, in Kanawha County, West Virginia, the Plaintiff, Alyssa Dawn Musgrave, was lawfully and safely operating her motor vehicle on Montrose Drive and had come to a complete stop when a bus in front of her had stopped to prepare to turn right at an intersection, when Deborah Coble (herein after "Coble" or "Underinsured Driver") drove her vehicle into and collided with the back of Musgrave's vehicle and knocked it into the bus that was in front of Musgrave.

4. Deborah Coble's actions toward the Plaintiff, Alyssa Musgrave, were negligent in one or more of the following particulars:

a. Failing to maintain a proper lookout;

b. Failing to maintain control of her vehicle;

c. Failing to maintain an assured clear distance ahead;

d. Driving erratically and recklessly;

e. Following too closely; and

f. Failing to exercise due care generally in the operation of her vehicle.

5. As a direct and proximate result of Coble's negligence, the Plaintiff, Alyssa Musgrave, was seriously injured.

6. As a direct and proximate result of Coble's negligence, Plaintiff, Alyssa Musgrave, suffered injuries to her head, neck, back, shoulder and various other parts of her body, some of which are reasonably certain to be permanent in nature.

7. As a direct and proximate result of Coble's negligence, the Plaintiff, Alyssa Musgrave, has suffered physical pain, mental and emotional anguish, annoyance,

inconvenience, and a diminishment in her ability to fully function, enjoy life and earn a living.

8. As a direct and proximate result of Coble's negligence, the Plaintiff, Alyssa Musgrave, has incurred medical bills for treatment relating to her injuries sustained in the May 30, 2024 collision.

9. As a direct and proximate result of Coble's negligence, the Plaintiff, Alyssa Musgrave, is reasonably certain to incur future physical pain, mental and emotional anguish, annoyance, inconvenience, and a diminishment in her ability to fully function, enjoy life, and earn a living as a result of the injuries she sustained in the wreck of May 30, 2024.

10. As a direct and proximate result of Coble's negligence, the Plaintiff, Alyssa Musgrave, is reasonably certain to incur future medical bills as a result of the injuries she sustained in the May 30, 2024 collision.

11. As a direct and proximate result of Coble's negligence, the Plaintiff, Alyssa Musgrave, has incurred lost wages.

12. As a direct and proximate result of Coble's negligence, the Plaintiff, Alyssa Musgrave, is reasonably certain to incur future lost wages and a loss of earning capacity.

13. Nationwide issued an automobile insurance policy to Thomas L. Musgrave and Karen L. Musgrave for a policy period of December 21, 2023 to December 21, 2024 that included May 30, 2024, which policy covered the Plaintiff as a named Rated Driver on May 30, 2024, which policy was identified by Policy No. 9247V 098187. The policy is not attached herein as it is already in the possession of the Defendant.

14. The policy of insurance issued by Nationwide was in full force and effect on May 30, 2024, and provided underinsured motorists coverage benefits in the amount of $100,000 each person.

15. The Plaintiff has fully complied with all requirements and policy provisions outlined in the automobile insurance policy and was and is entitled to the underinsured motorist coverage benefits of the automobile insurance policy issued by Nationwide.

16. Deborah L. Coble, on the date of the collision, May 30, 2024, was an underinsured motorist operating an underinsured motor vehicle as those terms are defined in Nationwide's automobile insurance policy that covered Musgrave on that date.

17. The Plaintiff was legally entitled to recover damages from Deborah L. Coble in an amount in excess of $50,000.00.

18. The Plaintiff reached a full and final settlement with Deborah L. Coble and her liability insurance company, GEICO, whereby the liability policy limits of $50,000.00 was offered to the Plaintiff and Plaintiff agreed to accept those policy limits and to give Deborah L. Coble a full and complete release, which settlement was consented to by Defendant, Nationwide on or about October 8, 2025.

19. The settlement under Coble's liability policy referenced in Paragraph 18 above did not fully compensate the Plaintiff for the injuries and damages she suffered as a result of the motor vehicle collision of May 30, 2024.

20. The Plaintiff was legally entitled to recover underinsured motorist benefits under the Nationwide insurance policy which covered her on the date of the collision because the Plaintiff's damages proximately caused by the automobile collision of May

30, 2024 exceed the sums that she collected from the settlement with Coble under Coble's liability policy of insurance.

21. The Plaintiff had demanded that Nationwide pay to her the underinsured motorist policy limits on October 21, 2025.

22. Nationwide did not offer any underinsured motorist benefits to the Plaintiff until December 10, 2025 when it offered $10,000.00.

23. The Plaintiff rejected the $10,000.00 offer on December 18, 2025.

24. On February 12, 2026, the Plaintiff reinstated her $100,000 policy limits demand to Nationwide.

25. On March 19, 2026, the Plaintiff again demanded the policy limits of $100,000 to Nationwide and stated that the demand would remain open for 30 days.

26. Rather than meeting the policy limits demand of $100,000, Nationwide offered the Plaintiff $18,000.

27. Nationwide has breached and continues to beach the insurance contract that covered Musgrave on the date of the collision as it has failed to pay and continues to fail to pay insurance policy benefits that are due and owing to Musgrave under the policy of insurance.

28. The Defendant, Nationwide, has failed to undertake prompt and reasonable efforts to evaluate, negotiate and adjust the Plaintiff's claim for underinsured motorist bodily injury coverage benefits, or, in the alternative, did evaluate the claim and after the evaluation made a deliberate choice to make low and untimely offers to settle the claim.

29. The Defendant, Nationwide, failed to undertake an adequate investigation of the Plaintiff's claim; or in the alternative did undertake an adequate investigation which it then purposely ignored; failed to appropriately reply to communications by the Plaintiff; failed to undertake settlement negotiations in good faith; misrepresented pertinent facts relating to coverages at issue; and as a result; refused to pay the Plaintiff's claim without conducting a reasonable investigation based upon all available information; failed to provide a reasonable explanation of the basis in the insurance policy for the offer of a compromise settlement; and forced the Plaintiff to file this lawsuit to recover underinsured motorist benefits.

30. The actions of the Defendant, Nationwide, as hereinabove described constituted a breach of the implied covenant of good faith and fair dealing inherent in the policy of insurance referenced in Paragraph 13 above.

31. The acts and omissions of the Defendant, Nationwide, by and through its agents, representatives and employees in the handling of the Plaintiff's claim violated West Virginia Code §33-11-4(9) in the following particulars:

a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

b. Failing to acknowledge and act reasonably and promptly upon communications with respect to the claim arising under the Plaintiff's insurance policy;

c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

d. Refusing to pay the Plaintiff's claim without conducting a reasonable investigation based upon all available information;

e. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of the Plaintiff's claim when liability was reasonably clear;

f. Compelling the Plaintiff to file suit to recover amounts due to her under the insurance policy; and

g. Failing to promptly provide a reasonable explanation to the Plaintiff for the basis in the insurance policy in relation to the facts or applicable law for the unreasonable low amount of the offer made to settle the Plaintiff's claim.

32. The acts and omissions of the Defendant, Nationwide, by and through its agents, representatives and employees in the handling of the Plaintiff's claim violated various provisions of Title 114, Series 14 of the Legislative Rules of the Insurance Commissioner of the State of West Virginia.

33. All of the acts and omissions of the Defendant, Nationwide, by and through its agents, representatives and employees in the handling of the Plaintiff's claim were committed and/or performed with such frequency as to indicate a general business practice.

34. All of the acts and omissions of the Defendant, Nationwide, by and through its agents, representatives and employees in the handling of the Plaintiff's claim were intentional, willful, and outrageous in character and were done in bad faith and without regard to the rights of the Plaintiff.

35. The acts and omissions of the Defendant, Nationwide, by and through its agents, representatives and employees caused the Plaintiff to sustain emotional distress, mental anguish, inconvenience, annoyance, humiliation, embarrassment, aggravation, and other general damages.

36. The acts and omissions of the Defendant, Nationwide, by and through its agents, representatives and employees caused the Plaintiff to incur substantial costs, expenses and attorneys' fees.

37. The acts and omissions of the Defendant, Nationwide, by and through its agents, representatives and employees were so outrageous that the Plaintiff is entitled to recover punitive damages from the Defendant, Nationwide, in order to punish the Defendant and to deter it and other insurance companies from engaging in similar conduct in the future.

38. If the Plaintiff substantially prevails with regard to her underinsured motorist claim, she is entitled to recover from the Defendant any and all expenses, costs and reasonable attorneys' fees she incurred in pursuit of her claim.

39. As a further result of substantially prevailing with respect to the underinsured motorist claim, the Plaintiff will also be entitled to collect damages for the annoyance and aggravation she suffered as a result of the Defendant, Nationwide's refusal to settle within the policy limit.

40. As a result of the bad faith conduct of the Defendant, Nationwide, the Plaintiff is entitled to recover compensatory damages for all general damages sustained by her as a result of said conduct, and as well is entitled to punitive damages.

**WHEREFORE**, the Plaintiff, Alyssa Dawn Musgrave, respectfully prays that judgment be entered against the Defendant, Nationwide Property and Casualty Insurance Company, for compensatory and general damages, and for punitive damages, in an amount within the jurisdiction of this Court, to be determined by a jury,

as well as statutory pre and post judgment interest as permitted by law and attorneys' fees, costs and expenses incurred in pursuit of the relief requested in this Complaint.

**A TRIAL BY JURY IS DEMANDED ON ALL ISSUES**

ALYSSA DAWN MUSGRAVE, Plaintiff,

BY: /s/James G. Bordas III
JAMES G. BORDAS III (#8518)
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003
jbordasiii@bordaslaw.com
P: (304) 242-8410

and

S. BROOKS WEST II (#10493)
West Law Firm LC
1514 Kanawha Blvd. East, Suite 2
Charleston, WV 25311
brooks@wvpersonalinjurylawyer.com
P: (304) 343-9378

*Counsel for Plaintiff*

CERTIFIED MAIL

US POSTAGE PITNEY BOWES

ZIP 25311 $ 010.29$^{0}$
02 4W
0000377395 JUN. 01. 2026